# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| | | |
|---|---|---|
| NICCOLE ROGERS, an individual, | : | [__ Civ. ____ (___)(___)] |
| Plaintiff, | : | |
| v. | : | |
| JOHN WILEY & SONS, INC. a/k/a WILEY EDU, LLC, | : | |
| Defendant. | : | |

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

## COMPLAINT & DEMAND FOR JURY TRIAL

NICCOLE ROGERS (herein referred to as "Plaintiff" or "MS. ROGERS") by and through her undersigned counsel, hereby sues Defendant, JOHN WILEY & SONS, INC. a/k/a WILEY EDU, LLC, (herein referred to as "Defendant"), alleges and states as follows:

## PRELIMINARY STATEMENT

1.      This action is brought on behalf of the Plaintiff regarding disability discrimination under the Americans with Disabilities Act of 1990 ("ADA") as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C.A. §§ 12101 to 12213 (collectively, the "ADA").

2.      Defendant hired Ms. Rogers in December, 2019 as an Instructional Designer because she was well qualified for the position.  Despite Ms. Rogers's ability to succeed at her position, Ms. Rogers was discriminated and retaliated against because she requested reasonable accommodations due to her disability. Thus, Ms. Rogers was constructively discharged.  As a result, Ms. Rogers has suffered significant emotional and monetary damages.

**JURISDICTION**

3.      Jurisdiction lies in this court pursuant to 28 U.S.C.A. § 1343(a)(3), 28 U.S.C.A. § 1343(a)(4) and 28 U.S.C.A. § 1331 and supplemental subject-matter jurisdiction under 28 U.S.C.A. § 1367.

**VENUE**

4.      Venue is proper in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) , because the events and omissions giving rise to the claims occurred in Tampa, Florida.

5.      Plaintiff, who, at all relevant times, was employed by the Defendant as an Instructional Designer, and worked remotely in Tampa, Florida, when the cause of action accrued.

6.      Defendant at all material times, is and was a New Jersey Corporation doing business in Tampa, Florida.  It was and is an "employer" as envisioned by the ADA.

**CONDITIONS PRECEDENT**

7.      On or about March 23, 2021, Plaintiff timely filed a charge of Discrimination and Retaliation against Defendant with the Equal Employment Opportunity Commission ("EEOC").

8.      On or about August 13, 2021, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue. This Complaint has been filed within ninety (90) days of receipt of that notice.

9.      All conditions precedent to the filing of this suit have been performed or have occurred.

**PARTIES**

10.     Plaintiff is a woman who is domiciled in Tampa, Florida. Plaintiff is a citizen of the United States of America.

11.     Plaintiff was employed and worked remotely in Tampa, Florida at the time the cause of action accrued.

12.     Upon information and belief, Defendant is a publishing company that partners with universities and business to support learners throughout the United States.

13.     Defendant is a person within the meaning of 42 U.S.C.A. § 2000e(a), and an employer within the meaning of 42 U.S.C.A. § 2000e(b).

**FACTS**

14.     In or around December, 2019, Plaintiff began working for Defendant as an Instructional Designer.

15.     Plaintiff was responsible for developing courses that undergraduate college students take to further their education.  Plaintiff's job duties included, but was not limited to, creating course materials using a variety of technologies and in collaboration with subject matter experts through video conferenced meetings and training sessions.

16.     Plaintiff having been diagnosed with Hearing Loss (Hearing impaired), is a qualified individual with a disability under the Americans with Disabilities Act of 1990, as amended.  As a result of Plaintiff's disability, major life activities, such as understanding and following speech are substantially limited without real-time tools that compensate for hearing loss, i.e., caption, headphones, etc.

17.     Plaintiff verbally advised Defendant of her disability and later provided Defendant with an Accessibility Accommodation Form; from a medical professional, which detailed her disability and the real time tools that would assist the Plaintiff with performing her job duties.

18.     Plaintiff made numerous requests for reasonable accommodations during her employment, either her requests were denied, delayed, or outright ignored during her tenure with

the Defendant.

19.     On or about January, 2020, Plaintiff made a formal ADA complaint with Human Resources.

20.     Defendant's management team including the Human Resource department coordinators' demeanor towards Plaintiff substantially changed and she was treated differently than other employees.

21.     Defendant marginalized Plaintiff while allowing Plaintiff's peers to criticize her for her disability and treated Plaintiff's peers more favorably.

22.     Despite these barriers, Plaintiff was still clearly able to perform the essential functions of her job with or without reasonable accommodation.

23.     Furthermore, after Plaintiff requested reasonable accommodations and filing an ADA complaint, Plaintiff's workload and responsibilities substantially increased.  For example, Plaintiff was not permitted to use recording captioning device for department or local meetings and trainings.  Therefore, Plaintiff had to attend mandatory meetings without the accommodations she requested.

24.     On or about March 26, 2020, Plaintiff escalated concerns regarding her need for reasonable accommodations.

25.     Additionally, Defendant retaliated against Plaintiff as a result of Plaintiff's disability and Plaintiff's request for reasonable accommodations.

26.     Rather than engaging in timely interactive process to address Plaintiff's request for accommodation, Defendant constructively discharged Plaintiff by failing to provide Plaintiff with the proper resources and/or equipment required timely to complete her work assignments.

27.     Instead, Defendant chose to label Plaintiff as "impatient," "ungrateful," and

"angry," following Plaintiff's request for timely and reasonable accommodations because of Plaintiff's disability.

28.     Defendant's actions caused damages to Plaintiff to include but not limited to substantial stress, anxiety, and embarrassment, Plaintiff's constructive discharge, loss wages and benefits, attorney's fees and costs.

29.     Plaintiff filed a complaint with EEOC and Florida Commission on Human Relations.

**COUNT ONE**
**FAILURE TO PROVIDE A REASONABLE ACCOMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §§ 12181 et seq.**

30.     Plaintiff realleges and adopts, all of the allegations in paragraphs 1 through 29, as though fully set forth herein.

31.     Defendant has discriminated against Plaintiff, on account of and/or by reason of her disability, in violation of 42 U.S.C.A. §§ 12101 et seq., because during all relevant times:

   a.   Plaintiff was diagnosed with Hearing Loss (Hearing Impaired), making her a "qualified individual with a disability" within the meaning of 42 U.S.C.A. § 12111 of the ADA;

   b.   Plaintiff was qualified to perform the essential functions of her job with or without an accommodation;

   c.   Defendant made discriminatory comments to and about Plaintiff, calling her "impatient," "ungrateful," and "angry" when Plaintiff requested reasonable accommodations. Plaintiff felt isolated, distressed, and humiliated.

   d.   Plaintiff suffered an adverse employment action because of her disability, when Defendant failed to engage in a timely interactive process with Plaintiff related to

reasonable accommodations, including but not limited to being denied live caption for the mandatory companywide expositions.

  e.  Defendant constructively discharged Plaintiff because Defendant permitted conditions so unpleasant or difficult that a reasonable person would resign.

  f.  Plaintiff's constructive discharge occurred so Defendant could employ others without Plaintiff's disability.

32.   Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, attorney fees and the costs of bringing this action.

33.   Defendant intentionally violated Plaintiff's rights under the ADA with malice or reckless indifference and, as a result, is liable for punitive damages.

**COUNT TWO**
**RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. §§ 12181 et. seq.**

34.   Plaintiff realleges and adopts, all of the allegations in paragraphs 1 through 29, as though fully set forth herein.

35.   Plaintiff was qualified for her position when Defendant constructively discharged her.

36.   On or about January, 2020, Plaintiff engaged in protected activity by filing an ADA complaint with the Human Resources department about her Supervisor and a peer's discriminatory treatment based on her disability and requests for reasonable accommodation.   Specifically, Defendant was aware that a peer of the Plaintiff made derogatory comments regarding Plaintiff's disability and Defendant did not take the incidents seriously.

37.   On or about September, 2020, Plaintiff engaged in protected activity by filing her

second (2ⁿᵈ) formal ADA Complaint with Human Resources.  After the complaint was filed, Plaintiff's supervisor, who is fully aware of Plaintiff's disability, retaliated against her by installing wind chimes during departmental meetings to intentionally be a distraction to Plaintiff and her disability.

38.     After months of Plaintiff complaining about Defendant's failure to implement reasonable accommodations timely, disability discrimination, Plaintiff's performance was targeted in retaliation, and Plaintiff was constructively discharged.

39.     Plaintiff suffered damages as a result of Defendant's unlawful retaliatory actions, including but not limited to emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

40.     Defendant intentionally violated Plaintiff's rights under the ADA with malice or reckless indifference and, as a result, is liable for punitive damages

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

a.  Accept jurisdiction over this matter;

b.  Award Plaintiff for her past and future loss of wages and benefits, plus interest;

c.  Award Plaintiff compensatory and punitive damages;

d.  Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

e.  Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated: November 11, 2021

LIGHT PATH LAW, P.A.
3620 Colonial Blvd. #130
Fort Myers, FL 33966
Phone: (239) 689-8481
Fax: (239) 294-3930
kscott@lightpathlaw.com
dclark@lightpathlaw.com
cirick@lightpathlaw.com


By: _____
Kristie A. Scott
Florida Bar No. 108111
Danielle N. Clark
Florida Bar No. 1022298